WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Spargo,<br><br>    Plaintiff,<br><br>v.<br><br>American Automobile Association Incorporated, et al.,<br><br>    Defendants. | No. CV-21-02007-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant CSAA General Insurance Company's ("CSAA") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Doc. 17.)  The motion is fully briefed and granted for the reasons set forth herein.

**I. Background**

Plaintiff David Spargo was injured in a motor vehicle accident.  Harold Schmidt, a permissive driver operating Plaintiff's vehicle, allegedly negligently caused Plaintiff's injuries.  Plaintiff sued in state court for his injuries against Defendant, his motor vehicle liability insurance carrier, for bad faith/breach of contract.  Defendant moved to dismiss, arguing, as it does here, that Plaintiff's claim is not the kind of claim that allows a bad faith action.  As the injured individual seeking to recover under the liability provisions of his own policy, his claim is a third-party claim, not a first-party claim.  The state court denied the motion to dismiss, and the matter was removed to this Court.

Defendant's motion raises, again, the argument that it owes no duty of good faith to Plaintiff when he makes a third-party claim for recovery under the terms of the liability

provisions of his policy. Plaintiff argues that he is alleging a first-party action "because that is what he was told by Defendant's agent." (Doc. 18 at 2.) Plaintiff claims the agent told him that he was insured for purposes of the claim and failed to inform him that Defendant was representing Schmidt instead. Relying on *Darner Motor Sales, Inc. v. Universal Underwriters Insurance Company,* 682 P.2d 388 (Ariz. 1984), Plaintiff argues that the agent's statements might have turned what is normally a third-party claim into a first-party claim.

The subject policy provides: "[W]e will pay damages . . . for bodily injury . . . for which an insured person becomes legally responsible because of an accident arising out of . . . use of a covered car." (Doc. 17-1 at 15.) The liability provisions of the policy provide coverage to an "insured person," in this case defined as "any person with respect to an accident arising out of the person's use of a covered car with the express or implied permission of you[.]" (*Id.*)

## II. Legal Standard

A motion for judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). A motion for judgment on the pleadings therefore should not be granted if the complaint is based on a cognizable legal theory and contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted).

## III. Analysis

It is not clear from Plaintiff's complaint or response to this motion under what provision of the policy he claims Defendant's duty flows, other than vague statements that "Defendants are obligated to pay Mr. Spargo for the losses and pain and suffering related

with the accident associated with the Vehicle." (Doc. 1-3 at 5.) However, it appears that the arguments of both parties address the coverages of the liability portions of the policy.

The policy is clear that under the liability provisions, Schmidt was the insured. Had this been a med-pay, uninsured, or under-insured claim by Plaintiff, this would have been a first-party claim, but there is nothing in the policy that turns his liability claim against Schmidt into a first-party claim against his insured, Defendant. The alleged representations by Defendant's agent did not modify the terms of the policy.

*Darner* does not save Plaintiff. There is no reasonable basis for Plaintiff to believe before the accident that he would be the insured and Defendant would have a duty to act in good faith when adjusting his liability claim against a permissive driver. The terms of the policy regarding the duties of a liability carrier fall within the reasonable expectations of any insured. The policy provides that Defendant's duty, under the liability to provisions, is "to pay damages for which an insured person becomes legally responsible." The only insured person responsible for damages was Schmidt.

Plaintiff's complaint, seeking damages for injuries sustained by the negligence of the operator of a motor vehicle, named the wrong defendant. Defendant argues that any amended pleading would be futile, and the Court should therefore deny Plaintiff's request for leave to amend. Plaintiff argues that he should be allowed to amend to cure a deficiency but does not indicate what amendments could cure deficiencies against this defendant. Although Defendant could have an obligation to indemnify Schmidt for damages assessed against him, the Court is unaware of, and Plaintiff has not suggested, any theory under which Plaintiff could state a viable claim against Defendant. However, even though the two-year statute of limitations has apparently run, if Plaintiff has facts that support a tolling of the statute of limitations or a relation back of an amended pleading, there potentially could be an amended pleading that is not futile. Therefore, the Court will permit Plaintiff to seek leave to amend in a manner that complies with LRCiv 15.1.

**IT IS ORDERED** that Defendant CSAA's motion for judgment on the pleadings (Doc. 17) is **GRANTED**.

1   **IT IS FURTHER ORDERED** that, by no later than **April 22, 2022**, Plaintiff may, if he so chooses, file motion for leave to amend his complaint that complies with LRCiv 15.1.  If Plaintiff does not file a motion for leave to amend within the timeframe specified herein, the Clerk of the Court is directed to terminate this case.

Dated this 6th day of April, 2022.

Douglas L. Rayes
United States District Judge