**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Spargo,<br><br>        Plaintiff,<br><br>v.<br><br>American Automobile Association Incorporated, et al.,<br><br>        Defendants. | No. CV-21-02007-PHX-DLR<br><br>**ORDER** |

Plaintiff was injured in a motor vehicle accident. Harold Schmidt, a permissive driver operating Plaintiff's vehicle, allegedly negligently caused Plaintiff's injuries. Plaintiff filed suit in state court naming his motor vehicle liability insurance carrier, as the defendant. He did not name the tortfeasor, Schmidt. Defendant moved to dismiss, arguing, as it does here, that Plaintiff's claim is not the kind of claim that allows a first-party bad faith action. As the injured individual seeking to recover under the liability provisions of his own policy, his claim is a third-party claim, not a first-party claim. The state court denied the motion to dismiss, and the matter thereafter was removed to this Court. Once here, Defendant brought a motion for judgment on the pleadings. (Doc. 17.) This Court granted the motion, but also permitted Plaintiff to move for leave to amend if he believed he could cure the deficiencies. Plaintiff so moved. (Doc. 21.) The motion is fully briefed and will be denied.

Plaintiff's proposed amended complaint re-alleges the rejected theory of first-party

bad faith against the defendant insurance carrier. The legal liability claim for Plaintiff's personal injury rests with the driver, Schmidt. Defendant is obligated under the policy to indemnify Schmidt, as the driver of Plaintiff's vehicle, from injuries caused by his negligence. Although Defendant is obligated to indemnify Schmidt for any judgment rendered against him in favor of Plaintiff for the damages caused by his negligent driving, Defendant does not have a duty under the policy to act as a first party to Plaintiff's personal injury claim.

Plaintiff's proposed amended complaint suffers the same infirmity as the original. There is no provision in the policy that creates a duty for Defendant to treat the personal injuries cause by Schmidt's negligence as a first-party claim. Despite his arguments to the contrary, the allegations in the amended complaint do not establish a basis for estoppel. Plaintiff was represented by counsel. Letters from Defendant identifying Plaintiff as the insured are not misleading or suggestive that Defendant has taken on the claim as a first-party claim. Nothing alleged suggests misrepresentation or reasonable reliance about the positions of the parties. That the tortfeasor, and not the insurance carrier obligated to indemnify him, is liable for his torts is a basic and fundamental principle of the law. Identifying Plaintiff as the insured in correspondence does not change that principle or suggest that the carrier intended to treat this case differently. Plaintiff's counsel named the wrong defendant in the complaint.

Although Plaintiff has not adequately pled a claim of bad faith, he has alleged the facts of the subject motor vehicle accident and has claimed damages for injuries sustained by the negligence of the operator of a motor vehicle. The proposed amended complaint names Schmidt as the defendant responsible for Plaintiff's injuries. Because the statute of limitations has run, however, the proposed amended complaint fails to state a claim against Schmidt unless it relates back. The question of when an amendment should relate back was addressed by the Arizona Supreme Court in *Flynn v. Campbell,* 402 P.3d 434, 439 (Ariz. 2017). Following federal precedent in the interpretation of Fed. R. Civ. P. 15(c), the court enumerated four conditions that must exist for an amended complaint to relate back

when the wrong defendant was initially named:

> (1) the claim in the amended pleading arose out of the conduct, transaction, or occurrence of the original pleading; (2) the party to be joined by amendment received notice of the action within the applicable limitations period plus the time for the service of the summons and original complaint; (3) the notice is sufficient to avoid prejudicing the joined defendant's ability to defend on the merits; and (4) within that same period, the party to be joined by amendment knew or should have known that, but for a mistake concerning the identity of the proper party, plaintiff would have named the proper party in the original complaint.

*Id.* (internal quotations and citations omitted).

Whether a mistake of law by counsel regarding whom to name in a lawsuit is the kind of mistake that meets the fourth condition also was addressed in *Flynn*. The court adopted the analysis employed in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010), focusing on the defendant's knowledge of the mistake and finding that a legal mistake by counsel about who to sue can satisfy the fourth requirement. In finding that the fourth condition was met when the plaintiff mistakenly sued the carrier instead of the tortfeasor, the *Flynn* Court stated:

> Campbell cannot credibly claim, under these circumstances, that she was unaware that Flynn's decision to sue State Farm was an inadvertent legal error. Accordingly, we conclude on this record that Campbell knew or should have known, for purposes of Rule 15(c)(2)(B)(ii), that Flynn would have sued her, but for Flynn's mistake concerning the proper party's identity.

402 P.3d at 441.

Here, the proposed amended complaint fails to allege the four conditions necessary for relation back. As stated above, without relation back, the proposed amended complaint fails to state a claim for relief. On the face of the proposed amended complaint, the statute of limitations has run. Arguments made in Plaintiff's motion for leave to amend, however, suggest that Plaintiff might be able to allege in the pleading itself the four conditions necessary for relation back. Accordingly, in the interests of justice, although the Court denies Plaintiff's present motion for leave to amend, it will permit Plaintiff one more opportunity to seek leave to file an amended complaint that cures the deficiencies identified

1  in this order and the Court's prior order on Defendant's motion for judgment on the
2  pleadings.

3        **IT IS ORDERED** that Plaintiff's motion for leave to amend (Doc. 21) is **DENIED**.

4        **IT IS FURTHER ORDERED** that Plaintiff may, if he so chooses, file a new
5  motion for leave to amend if he believes he can prepare an amended pleading that cures
6  the defects identified by the Court in this order and its prior order on Defendant's motion
7  for judgment on the pleadings.  If he chooses to seek such leave, Plaintiff must file the
8  motion by no later than **June 3, 2022**.  If Plaintiff does not move by that date, the Clerk of
9  the Court is directed to terminate this case without further order.

10        Dated this 24th day of May, 2022.

Douglas L. Rayes
United States District Judge