**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Spargo, | No. CV-21-02007-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| CSAA General Insurance Company, an Indiana corporation, | |
| Defendant. | |

    Plaintiff was injured in a motor vehicle accident. Harold Schmidt, a permissive driver operating Plaintiff's vehicle, allegedly negligently caused Plaintiff's injuries. Plaintiff filed suit in state court naming his motor vehicle liability insurance carrier, CSAA General Insurance Company ("CSAA"), as the defendant. He did not name Schmidt, the tortfeasor. CSAA moved to dismiss, arguing that Plaintiff's claim, as a matter of law, cannot be a first-party bad faith action. The state court denied the motion and the matter was removed to this Court.

    Once in federal court, CSAA moved for judgment on the pleadings. (Doc. 17.) The Court agreed with CSAA. Plaintiff's claim is not, and never could be, a first-party insurance claim. Bringing the action as a bad faith claim was a mistake of law. Even though the liability carrier for the negligent driver, Schmidt, is covered for his actions under Plaintiff's own auto insurance policy with CSAA, CSAA's duty, under the policy, is to Schmidt. It is obligated to defend and indemnify Schmidt and the fact that the

1 correspondence identified Plaintiff as the insured and the fact that Plaintiff felt the settlement offer was inadequate does not give rise to a first-party duty to Plaintiff. The Court therefore granted CSAA's motion for judgment on the pleadings but permitted Plaintiff to move for leave to amend. (Doc. 20.)

Plaintiff then filed his first motion for leave to amend (Doc. 21), proposing an amended complaint that added Schmidt as a Defendant, but also left CSAA as a named defendant and continued to allege a bad faith claim. The Court denied the motion. As to the claim alleged against CSAA, the Court again explained that there was no conceivable claim of bad faith claim against CSAA. As to adding Schmidt as a defendant, the Court explained that because the proposed amended complaint was filed more than two years from the date of the accident, the statute of limitations had run. The proposed pleading failed to allege facts that support relation back and was therefore futile.[1]  (Doc. 27.)

Plaintiff then filed a second motion for leave to amend. (Doc. 29.) This motion seeks leave to file a different amended pleading than that which accompanied the original motion for leave to amend. This amended pleading does not name CSAA as a defendant; it names only Schmidt. It also contains allegations which support a plausible argument that the amendment relates back to the filing of the original complaint pursuant to Federal Rule of Civil Procedure 15(c).

Although the Court has dismissed CSAA from this case, CSAA nonetheless responded to the latest motion to amend, arguing among other things that Schmidt would be prejudiced by the amendment. The prejudice Schmidt might experience by having to defend this suit, as argued by CSAA, is speculation. Schmidt's prejudice, if any, must be raised by Schmidt, not CSAA, which is no longer a party.

The proposed amended pleading which accompanies Plaintiff's latest motion for leave to amend is not futile on its face. The Rule 15(c) factors which support relation back are alleged. The Court therefore will grant the motion. But should Schmidt make an appearance, he will have the opportunity to raise a statute of limitations defense and litigate

---

[1] Leave to amend should be freely given absent bad faith, undue delay, prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

the questions of prejudice, undue delay, and any other factors which might be relevant to the statute of limitations defense and the relation back of the amended pleading.

**IT IS ORDERED** that Plaintiff's motion for leave to amend (Doc. 29) is **GRANTED**. Plaintiff shall file his amended complaint within 5 days of the date of this order.

Dated this 6th day of September, 2022.

Douglas L. Rayes
United States District Judge