Darrell E. Davis, #011442
Christopher T. Curran, #032583
David G. Schmidt, #032538
**CLARK HILL PLC**
14850 N Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone: (480) 684-1100
Email:   ddavis@clarkhill.com
         ccurran@clarkhill.com
         dschmidt@clarkhill.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David Spargo an Arizona resident,<br><br>        Plaintiff,<br><br>v.<br><br>Harold Schmidt an Arizona resident;<br><br>        Defendant. | Case No.: 2:21-cv-02007-DLR<br><br>**FIRST AMENDED COMPLAINT**<br><br>(Assigned to the Honorable Douglas L. Rayes) |

For his First Amended Complaint against Defendant Harold Schmidt ("Mr. Schmidt"), Plaintiff David Spargo ("Mr. Spargo") alleges as follows:

### PARTIES

1. Plaintiff David Spargo is a resident of Maricopa County, Arizona.

2. Defendant Harold Schmidt is a resident of Maricopa County, Arizona.

### JURISDICTION AND VENUE

3. Maricopa County has subject matter jurisdiction over the claims pled and personal jurisdiction over the parties to this action.

4. Venue is proper in Maricopa County under A.R.S. § 12-401.

5. Tier 3 designation is proper under Ariz.R.Civ.P. 26.2(c)(3)(C) because the damages in this action exceed well over $75,000.00.

**GENERAL ALLEGATIONS**

6. Mr. Spargo maintains insurance coverage on his 2017 RAM 1500, VIN 3C6RR7KTXHG613819 (the "Vehicle").

7. On or about November 27, 2018, Mr. Spargo was standing next to the Vehicle while it was being operated by a third party, Harold Schmidt.

8. Mr. Schmidt negligently caused the Vehicle to hit Mr. Spargo in such a way that the impact tore Mr. Spargo's left bicep tendon from its anchor point and bruised the left pectoral muscle. The impact left Mr. Spargo in a severe amount of pain.

9. Due to the impact from the Vehicle and the resulting bodily harm, Mr. Spargo was forced to have reattachment surgery two (2) days later on November 29, 2018.

10. As a result of the surgery, Mr. Spargo was forced to forego business opportunities overseas.

11. After the reattachment surgery, Mr. Spargo had to endure 6 months of rehabilitation to regain some of the strength in his left arm. During this time, Mr. Spargo was not able to even lift his four (4) year-old son at the time.

12. Mr. Spargo is still experiencing lingering affects due to the accident nearly two (2) years later. For example, his left arm is still noticeably weaker than it was before the accident and his left arm is shorter than it was prior to the accident and operation.

13. Mr. Spargo provided medical bills in the amount of at least $31,000.00.

14. Mr. Spargo also requested a reasonable amount for the pain and suffering he endured as well as for the business opportunities he missed as a result of the accident.

15. This First Amended Complaint arises out of the same motor vehicle incident that gave rise to the original complaint.

16. Mr. Spargo made Mr. Schmidt aware that Mr. Spargo was negotiating his damages claims with CSAA and filed a lawsuit against CSAA within the applicable limitations period plus the time for the service of the summons and original complaint.

17. Mr. Schmidt was notified of this action arising out of the result of the motor vehicle incident he caused prior to January 1, 2021.

18. Therefore, Given Mr. Schmidt received notice of this action well within the period provided in Arizona Rule of Civil Procedure 15(c) and 4(i), there is no prejudice in naming him as the defendant in this action now.

19. Mr. Spargo filed his original complaint against his insurance company based on the correspondence he received that made him mistakenly believe that he was the "insured" for purposes of his claim and that his insurance company was responsible for his damages as a result of the motor vehicle incident.

20. Mr. Schmidt has acknowledged that except for Mr. Spargo's mistake, he would have been named in the original complaint, as he was the individual that caused Mr. Spargo's bodily injuries that resulted in significant medical payments, pain and suffering, and lost business opportunities.

## CLAIM I

### (Negligence)

21. The foregoing allegations are hereby incorporated by reference.

22. At all times relevant to Mr. Spargo's claims, Mr. Schmidt owned certain duties to Mr. Spargo, among other things, to operate the motor vehicle in a reasonably safe manner.

23. Mr. Schmidt was negligent in his operation of the motor vehicle when he caused it to hit Mr. Spargo.

24. As a direct result of Mr. Schmidt's negligence, Mr. Spargo tore Mr. Spargo's left bicep tendon from its anchor point and bruised the left pectoral muscle. The impact left Mr. Spargo in a severe amount of pain.

25. As a direct result of Mr. Schmidt's negligence, Mr. Spargo was required to incur medical expenses and suffered periods of inability to earn wages.

///

///

**DEMAND FOR JURY TRIAL**

Mr. Spargo requests a jury trial in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Spargo prays that judgment be entered in his favor and as follows:

A. For compensatory damages in a just and reasonable amount to be determined at trial;

B. For pre- and post-judgment interest accruing on the above-referenced amounts at the highest rate permitted by law; and

C. For such other and further relief as the Court may deem just and reasonable under the circumstances.

DATED this 12th day of September, 2022.

**CLARK HILL PLC**

By: */s/ Christopher T. Curran*
    Darrell E. Davis
    Christopher T. Curran
    David G. Schmidt
    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on 12th day of September, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of a Notice of Service of Electronic Filing to the CM/ECF registrants in this action:

Brian D. Rubin, Esq., #022000
Kristen A. Briney, Esq., #031380
**THOMAS RUBIN & KELLEY PC**
7330 North 16thStreet, Suite A100
Phoenix, Arizona 85020-5299
T: 602-274-8289/F: 602-285-4482
BRubin@TRKfirm.com
KBriney@TRKfirm.com

By:  /s/ Raelyn Gilkison

5