**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Spargo, | No. CV-21-02007-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| CSAA General Ins. Co., | |
| Defendant. | |

Before the Court is Defendant CSAA General Insurance Company's amended motion for attorneys' fees. (Doc. 53.) Pursuant to A.R.S. § 12-341.01(A), CSAA seeks $27,345.50 in attorney fees, plus fees incurred preparing and defending its fee application. For the following reasons, CSAA's motion is denied.[1]

### I.      Background

Plaintiff David Spargo was injured in a motor vehicle accident. Harold Schmidt, a permissive driver operating Spargo's vehicle, allegedly negligently caused Spargo's injuries. Spargo filed a bad faith action in state court naming CSAA, his motor vehicle liability insurance carrier, as the defendant. He did not bring a personal injury claim against Schmidt. CSAA moved to dismiss, arguing Spargo's claim is not the kind that allows a first-party bad faith action. As the injured individual seeking to recover under the liability

---

[1] Oral argument is denied as unnecessary. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999); *Vasquez v. City of Phoenix*, Nos. CV-04-481-PHX-DGC, CV-05-608-PHX-DGC, 2006 WL 1147716, at *1 n. 1 (D. Ariz. May 1, 2006). The Court also denies Plaintiff David Spargo's motion for leave to file a sur-reply. (Doc. 64.)

provisions of his own policy, his claim is a third-party claim, not a first-party claim. The state court cursorily denied the motion to dismiss, and the matter thereafter was removed to this Court. Once here, CSAA moved for judgment on the pleadings. This Court granted the motion, but also allowed Spargo to amend his complaint to bring a negligence action against Schmidt. On November 10, 2022, the Clerk entered judgment in favor of CSAA per the Court's previous orders. CSAA timely moved for attorney fees within 14 days of entry of judgment. *See* LRCiv. 54.2(b).

## II.     Discussion

Under § 12-341.01(A), "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." CSAA was the prevailing party and "an action alleging insurer's bad faith is one arising out of contract within the meaning of § 12-341.01(A)." *Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1142 (Ariz. 1982). The Court exercises broad discretion when determining whether to award fees under this section, which permits but does not require fee shifting. In exercising that discretion, the Court is guided by the following six factors:

> (1) the merits of the unsuccessful parties' claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the issues; and (6) whether the award will overly deter others from bringing meritorious suits.

*Kaufman v. Warner Bros. Ent. Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at \*7 (D. Ariz. May 13, 2019).

Most of these factors favor CSAA. Spargo's first-party bad faith claim against CSAA was without merit. There were several early opportunities to avoid litigation of this claim. CSAA's motion to dismiss in state court alerted Spargo that his first-party bad faith claim was improper, as did this Court's comments during the February 1, 2022, scheduling conference, after which the Court declined to set a case management schedule in anticipation of CSAA's motion for judgment on the pleadings. Even after the Court granted CSAA's motion for judgment on the pleadings, Spargo continued to try to press forward

1    with his claim by including it in his first proposed amended pleading, which the Court

2    denied. In obtaining judgment in its favor, CSAA prevailed with respect to all relief sought.

3    The issue in this case was not novel, and an award of attorney fees would not discourage

4    others from bringing meritorious suits; it would instead encourage litigants in such cases

5    to read their insurance contracts and bring correct claims against proper parties.

6            Nonetheless, the Court exercises its broad discretion to deny CSAA's motion

7    because it is persuaded that shifting CSAA's attorney fees to Spargo would cause extreme

8    financial hardship. Spargo has submitted to the Court monthly savings and checking

9    account summaries for his personal and business accounts spanning the last six months (as

10   of the time of filing). Those records indicate that, during this period, Spargo's personal and

11   business savings account contained negligible amounts, and the checking accounts

12   contained either negative or negligibly positive balances. Spargo also has submitted

13   records from the Internal Revenue Service ("IRS") showing he owes the IRS $376,790.97.

14   Finally, Spargo has submitted a declaration, signed under penalty of perjury, in which he

15   states that he has been unable to make any payments to the IRS and that he has no

16   significant personal assets, as his house and vehicles are encumbered. CSAA argues

17   Spargo's evidence is insufficient, and its arguments have some force. The Court would

18   have expected Spargo to provide, for example, recent tax returns, pay stubs or bank

19   statements showing his regular income, and documentation of his expenses (such as his

20   mortgage and car payments). Such documentation would have provided the Court with a

21   clearer picture of Spargo's financial condition than the evidence he filed. The Court,

22   however, is satisfied that shifting CSAA's attorney fees to Spargo would impose an

23   extreme financial hardship, given the substantial sums he already owes to the IRS, the

24   consistently low balances in Spargo's accounts, and Spargo's representation, made under

25   penalty of perjury, that he has no substantial assets from which to pay a fee award.

26           For these reasons,

27   / / /

28   / / /

1    **IT IS ORDERED** that Spargo's motion for leave to file a sur-reply (Doc. 64) is

2  **DENIED** and CSAA's motion for attorney fees (Doc. 53) is **DENIED**.

3    Dated this 7th day of September, 2023.

Douglas L. Rayes
United States District Judge